**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4800-17T3

IN THE MATTER OF THE
ESTATE OF DOROTHY DREHER,

    Deceased.

_____

Submitted March 11, 2019 – Decided April 8, 2019

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. 2016-1203.

Mark J. Molz, attorney for appellant Rebecca Dreher-Palombi.

Marc A. Lario & Associates, attorneys for respondent David Dreher (Marc A. Lario, on the brief).

PER CURIAM

Plaintiff Rebecca Dreher-Palombi appeals from the trial court's May 11, 2018 order denying her motion to enforce litigant's rights and awarding attorney's fees to defendant David Dreher, her brother. We affirm.

This case arises from a dispute involving the estate of decedent Dorothy Dreher, the mother of the parties. After the decedent's death, defendant probated the decedent's will. Plaintiff thereafter filed a verified complaint objecting to the probated will, claiming that it was not representative of the decedent's wishes, was the result of undue influence by defendant, and was executed at a time when the decedent lacked testamentary capacity. Defendant filed an answer and counterclaim.

After four intermittent trial days between January and March 2018 before Judge Paula T. Dow, the parties reached a settlement agreement. The settlement was placed on the record on March 8, 2018. Among other things, the settlement provided that the net estate would be split equally between plaintiff and defendant and that each party would bear his or her own legal fees.

Relevant to this appeal, a settlement provision called for plaintiff to receive an immediate advance on her distribution in the amount of $100,000. On March 20, 2018, defendant's attorney sent a refunding bond and release to plaintiff's attorney, requesting that plaintiff execute the document to receive the $100,000 distribution. On March 27, plaintiff's attorney returned an executed refunding bond and release, with alterations. Among other things, plaintiff removed language requiring plaintiff to refund any part of her distribution

A-4800-17T3

should the estate owe any debts or taxes that would not be satisfied with the remaining funds in the estate account. On March 29, 2018, defendant's counsel wrote back to plaintiff's counsel, objecting to the deletion of the refund requirement.

On April 18, 2018, plaintiff moved to enforce litigant's right and receive the $100,000 advance distribution without being subject to the refund provision of the refund bond. Defendant cross-moved to enforce a prior November 16, 2017 order, which required plaintiff to pay defendant's attorney's fees incurred in connection with defendant's motion to dismiss plaintiff's complaint. Defendant filed this motion after plaintiff's counsel failed to appear at scheduled case management conferences or respond to requests to schedule the deposition of plaintiff. Although the trial court declined to dismiss the complaint on this basis, it ordered that plaintiff was responsible for defendant's attorney's fees and costs incurred in filing and arguing the motion to dismiss.[1]

After hearing oral argument on May 4, 2018, Judge Dow entered an order and written statement of reasons, denying plaintiff's motion and granting

---

[1] The November 16, 2017 order directed defendant's counsel to submit a certification of services. On December 5, 2017, counsel submitted a certification of services, to which plaintiff did not object. The trial court did not enter an order granting attorney's fees in the requested amount at that time.

A-4800-17T3

defendant's cross-motion on May 11, 2018. In denying plaintiff's request to

receive the $100,000 advance without executing a refund bond, the judge

reasoned:

> Plaintiff requests an Order enforcing the terms of the Settlement Agreement because the Settlement Agreement did not include the terms encompassed in a Release and Refunding Bond. Despite Plaintiff's assertion that the settlement "was for real money," it appears the parties agreed that each sibling will receive 50% of Decedent's net estate. The $100,000 requested by Plaintiff is not a cash gift, but rather is an early distribution made of her 50% share of Decedent's estate. Due to the nature of the distributions, as opposed to cash settlement payments, the refunding bond requirement of N.J.S.A. 3B:23-24, et seq., applies. It also appears the parties agree the $100,000 was intended to be a distribution from the Estate. The New Jersey statutes governing estate distributions must apply.
>
> The court denies Plaintiff's request to enforce the settlement because it appears all parties are acting in accord with the Settlement Agreement. Defendant, through [his attorney], is requesting a Refunding Bond and Release consistent with the requirements of N.J.S.A. 3B:23-24. This language allows the advance distribution to be given to Plaintiff, in accordance with the settlement agreement. In short, there is nothing the court can enforce as it is Plaintiff's own actions preventing the early distribution from the Estate. If Plaintiff is alleging the $100,000 remittance is a payment, and not a distribution, it is unclear why she did not take issues with the language of "cash bequest" in the Refunding Bond and Release. Further, the $100,000 payment was framed as a distribution when the parties placed the settlement on the record. The

4

language to which Plaintiff objects is not the language making the $100,000 an estate distribution, but rather that of the releasing the Executor and agreeing to refund. Essentially, Plaintiff is asking the court to order an Estate distribution as if it were a cash payment. This is unsupported by the statutory law and the Settlement Agreement on the record.

With respect to defendant's cross-motion to enforce the November 16, 2017 order granting attorney's fees, the judge found that the order was entered prior to the parties agreeing to pay their own attorney's fees and was therefore still effective. Additionally, the judge found that the certification of services for the amounts of $1,785 in fees and $36.60 in costs was reasonable under RPC 1.5(a) and had not been objected to by plaintiff.

On appeal, plaintiff argues that the trial court erred by: (1) violating the parties' settlement agreement and imposing pre-settlement attorney's fees; (2) refusing to enforce litigant's rights; and (3) issuing an order without making supporting finding of facts and conclusions of law. Having reviewed the record and governing legal principles, we affirm for substantially the sound reasons expressed in Judge Dow's thorough statement of reasons. We add only the following brief comments.

N.J.S.A. 3B:23-24 requires the personal representative of an estate to obtain a refunding bond in order to make any distribution prior to the closing of

A-4800-17T3

the estate, and N.J.S.A. 3B:23-26 requires the bond to be conditioned on the devisee returning any portion of the distribution if later needed to discharge any debt.  Because the terms of the settlement provided that the $100,000 advance would be a distribution from the estate, these statutory requirements plainly apply.  The judge, therefore, correctly concluded that defendant was statutorily obligated to have plaintiff execute a refunding bond to receive her advance distribution from the estate.  Thus, the judge properly denied plaintiff's motion to enforce litigant's rights.[2]

The judge also properly enforced the November 16, 2017 order granting attorney's fees to defendant.  Prior to the parties reaching the settlement agreement, the judge had already shifted these fees to plaintiff due to her attorney's failure to appear at scheduled case management conferences and to respond to requests to schedule the deposition of plaintiff.  The settlement agreement's terms did not alter the responsibility for these fees.  Moreover, the judge determined that the amount of fees requested was reasonable, and plaintiff has not objected to the reasonableness of the amount of fees.

---

[2] While this appeal was pending, plaintiff executed a refunding bond and release on May 18, 2018.

A-4800-17T3

To the extent we have not specifically addressed any issues raised by plaintiff, we find they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4800-17T3